UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
PAMELA HOSIE,                                      :
Individually and on behalf of all others           :
similarly situated,                                :
                                                   : 07 Civ. 9515 (BSJ) (KNF)
                         Plaintiff,                :
                                                   :
        - against -                                :
                                                   :
COLGATE-PALMOLIVE COMPANY                          :
EMPLOYEE RETIREMENT INCOME                         :
PLAN, COLGATE-PALMOLIVE                            :
COMPANY, as Plan Administrator,                    :
                                                   :
                         Defendants.               :
-------------------------------------------------------x
[Additional captions follow]

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO CONSOLIDATE ERISA ACTIONS,
APPOINT INTERIM CO-LEAD CLASS COUNSEL,
<u>AND FOR ENTRY OF PRETRIAL ORDER NO. 1.</u>**

```
-----------------------------------------------------x
PAUL CAUFIELD,                                       :
Individually and on behalf of all others             :
similarly situated,                                  :
                                                     : 08 Civ. 3316 (BSJ) (KNF)
                              Plaintiff,             :
                                                     :
        - against -                                  :
                                                     :
COLGATE-PALMOLIVE COMPANY                            :
EMPLOYEES' RETIREMENT INCOME                         :
PLAN                                                 :
                              Defendant.             :
-----------------------------------------------------x
-----------------------------------------------------x
PAUL ABELMAN, et al.                                 :
Individually and on behalf of all others             :
similarly situated,                                  :
                                                     : 08 Civ. 3317 (BSJ) (KNF)
                              Plaintiffs,            :
                                                     :
        - against -                                  :
                                                     :
COLGATE-PALMOLIVE COMPANY, and                       :
COLGATE-PALMOLIVE COMPANY                            :
EMPLOYEES' RETIREMENT INCOME                         :
PLAN, et al.,                                        :
                              Defendants.            :
-----------------------------------------------------x
```

Plaintiffs Pamela Hosie, Paul Caufield, Paul Abelman, Valerie R. Nutter, Warren Jemmott, Susan Byrd, Adriana Vasquez and Cora Nelson-Manley ("Plaintiffs"), by the undersigned counsel, respectfully submit this Memorandum of Law in Support of Plaintiffs' Motion to: Consolidate the ERISA Actions; Appoint Interim Co-Lead Class Counsel; and for Entry of Pretrial Order No. 1.[1]

---

[1] Plaintiffs' Counsel apologize for the delay in submitting the instant motion for the Court's consideration. The delay was due in part to efforts to refine the consolidated complaint, which will be filed in accordance with provisions of the proposed pre-trial Order No. 1, in light of intervening controlling law that has emerged since the initiation of this matter.

2

## INTRODUCTION

Plaintiffs in the three above-captioned actions (the "ERISA Actions") have filed complaints—each currently pending before this Court and each seeking class action status under Fed. R. Civ. P. 23—against defendants ("Defendants") Colgate-Palmolive Company Employee Retirement Income Plan (the "Plan"), a "cash balance" defined benefit pension plan, Colgate-Palmolive Company ("Colgate"), the Plan's sponsor and a Plan fiduciary, and the Employee Relations Committee of Colgate-Palmolive Company (the "Committee"), the Plan's administrator. The ERISA Actions are substantially similar. They allege violations of ERISA's standards for calculating pre-retirement age lump sums, *see* ERISA §§ 203(a), 203(e)(2), 205(g)(3), 29 U.S.C. §§ 1053(a), 1053(e)(2), 1055(g)(3), as recognized by the Second Circuit in *Esden v. Bank of Boston*, 229 F.3d 154 (2d Cir. 2000) ("*Esden*"), and failures to comply with ERISA's anti-"backloading" and age discrimination accrual rules, *see* ERISA §§ 204(b)(1)(A)-(C), (H), 29 U.S.C. §§ 1054(b)(1)(A)-(C), (H). Plaintiffs seek all available relief under ERISA § 502(a), 29 U.S.C. § 1132(a), to bring the Plan into compliance with the law and remedy past violations.

Because the ERISA Actions are based on substantially the same facts, contain similar causes of action against overlapping Defendants, and seek certification of similar classes of Plan participants, Plaintiffs seek an Order consolidating them and appointing a leadership structure for the consolidated cases in accordance with the *Annotated Manual for Complex Litigation* (4th ed. 2008) (the "*Manual*"). Additionally, Plaintiffs ask that their counsel -- Schiffrin Barroway Topaz & Kessler, LLP ("SBTK"), Korein Tillery, LLC, ("Korein Tillery"), Gottesdiener Law Firm, PLLC ("GLF") and Edgar Pauk, Esq. -- be appointed Interim Co-Lead Class Counsel. Plaintiffs also seek entry of Plaintiffs' [Proposed] Pretrial Order No. 1.

Plaintiffs submit that consolidation of the three actions and appointment of these four firms as Interim Co-Lead Class Counsel would help ensure the just, speedy and efficient resolution of the parties' dispute. SBTK has substantial experience in this area of law, has one of the country's largest legal departments dedicated to this exact type of litigation and a proven record of success, having recovered hundreds of millions of dollars on behalf of tens of thousands for plan participants. Korein Tillery was lead counsel in *Esden* and is a leader in representing classes of employees and retirees, having recovered over $1 billion in judgments and settlements in ERISA matters alone on behalf of hundreds of thousands of retirees and employees. GLF, on its own or working with other firms, has successfully concluded class actions filed against some of the largest plans in the country, recovering hundreds of millions of dollars for the affected participants. Edgar Pauk, Esq. is a vastly experienced pension practitioner, well-recognized and active in the field of ERISA class action litigation. Together, the firms will draw on their collective experience, judgment and resources to ensure that this case is litigated effectively and efficiently.

## DISCUSSION

Following the guidance of the *Manual* [Proposed] Pretrial Order No. 1:

(1)  Provides for the consolidation of these related actions;

(2)  Establishes efficient procedures for the filing and docketing of papers;

(3)  Appoints lead plaintiffs;

(4)  Proposes an organization of plaintiffs' counsel; and

(5)  Eliminates wasteful and duplicative litigation.

**I.     Consolidation of Cases**

Consolidation of these related actions is appropriate pursuant to FED. R. CIV. P. 42(a), which governs the consolidation of actions in federal court. FED. R. CIV. P. 42(a) provides that

when actions involving a common question of law or fact are pending before a court, a court "may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Broad discretion is given to the Court under this rule to consolidate cases pending within the District. 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2385 (4th ed. 2008).

      A.      **The ERISA Actions Should Be Consolidated.**

The above-captioned ERISA Actions assert claims under ERISA against similar defendants and involve common questions of law or fact. Specifically, each of the ERISA Actions alleges that the Plan violated ERISA by failing to properly calculate lump sum distributions, based upon a failure to comply with ERISA's present value calculation provisions and/or minimum accrual rules. When actions involving a common question of law or fact are pending before a court, the court may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary cost or delay. FED. R. CIV. P. 42(a); *see also, Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990) (stating that when separate actions involve common question of fact or law, courts favor consolidation in order to avoid unnecessary costs and delays). In so doing, a district court has broad discretion in determining whether consolidation is appropriate by weighing the interests of judicial economy against the potential for new delays, expense, confusion, or prejudice. *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673 (3d Cir.1964); *Johnson*, 899 F.2d at 1285.

Consolidating these actions would avoid the unnecessary waste of judicial resources and additional cost and delay to the parties. Because consolidation would be to the benefit of all parties involved, these actions should be consolidated pursuant to FED. R. CIV. P. 42(a).

### B. The [Proposed] Pretrial Order No. 1 Establishes Orderly and Efficient Procedures for the Management of these Cases.

Plaintiffs further request, for similar purposes of efficiency and effective administration, that additional class actions filed in or transferred to this district asserting claims under ERISA in connection with the above-stated allegations be similarly consolidated herewith and subject to the Court's order, as is set forth in the proposed Order. In addition to providing for consolidation, the proposed order establishes orderly procedures for the captioning, filing and docketing of papers in these related actions, and in any cases that may hereafter be filed in or transferred to this Court. These procedures include the establishment of a uniform caption and master docket for the filing of documents relating to the consolidated actions. Such procedures, designed to enhance efficiency, are particularly necessary and appropriate in complex class action litigation such as this. *See Manual* § 11.21.

## II. Establishment of a Leadership Structure.

The proposed order further implements the procedures suggested by the *Manual* for complex, multi-party cases such as this by designating Interim Co-Lead Class Counsel for plaintiffs and the putative class. *See Manual* § 10.22. Plaintiffs respectfully submit that such designation will promote the orderly progress of this litigation, and ensure that Plaintiffs are able to prosecute this litigation in an efficient and coordinated fashion.

### A. Proposed Interim Co-Lead Class Counsel.

Plaintiffs propose the following as Interim Co-Lead Class Counsel pursuant to FED. R. CIV. P. 23(g)(3) to act on behalf of the putative class:

> Joseph H. Meltzer
> Edward W. Ciolko
> **Schiffrin Barroway Topaz & Kessler, LLP**

>Douglas R. Sprong
>**Korein Tillery, LLC**
>
>Eli Gottesdiener
>**Gottesdiener Law Firm, PLLC**
>
>Edgar Pauk
>**Edgar Pauk, Esq.**

Pursuant to this structure, SBTK, Korein Tillery, GLF and Edgar Pauk, Esq. would be charged with the responsibility for the day-to-day conduct of the litigation and for carrying out the orders of the Court concerning the conduct of the litigation. Specifically, as suggested in the *Manual*, SBTK, Korein Tillery, GLF and Edgar Pauk, Esq. would be charged with the following duties:

> [F]ormulating (in consultation with other counsel) and presenting positions on substantive and procedural issues during the litigation. . . .in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.

*Manual* § 10.221. SBTK, Korein Tillery, GLF and Edgar Pauk, Esq. would also be charged with responsibility for monitoring the time and expenses of all Plaintiffs' counsel to ensure that this litigation is conducted efficiently and without duplication.

### B. Proposed Interim Co-Lead Class Counsel are Best Qualified Under the Relevant Standards to Represent the Putative Class.

The proposed order implements the procedures suggested by the *Manual* and codified in FED. R. CIV. P. 23(g) by designating Interim Co-Lead Class Counsel. *See Manual* §§ 10.22, 40.22; FED. R. CIV. P. 23(g).[2] As stated in the *Manual,* in determining lead counsel for the

---

[2] As examples of the operation of these procedures, counsel herein also refer the Court to lead counsel appointment orders from other ERISA breach of fiduciary duty cases including: *In re Polaroid ERISA Litig.,* No. 04-CV-8335 (S.D.N.Y. Mar. 5, 2004) and *In re WorldCom, Inc. ERISA Litig.*, No. 02-

7

proposed class, the court should "conduct an independent review (usually a hearing is advisable) to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable."  *Manual* § 10.22.  Indeed, the most important factor is "achieving efficiency and economy without jeopardizing fairness to parties."  *Id.* § 10.221.

In appointing class counsel, the court must consider the following four factors:

- the work counsel has done in identifying or investigating potential claims in the action;
- counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action;
- counsel's knowledge of the applicable law; and
- the resources counsel will commit to representing the class.

FED. R. CIV. P. 23(g)(1)(A).  Each of the factors supports the appointment of SBTK, Korein Tillery, GLF and Edgar Pauk, Esq. as Interim Co-Lead Class Counsel in this case.

### 1. Counsel Have Demonstrated the Necessary Commitment.

With respect to the first 23(g) factor, counsel for Plaintiffs have already taken substantial steps in prosecuting this action.  To begin, prior to filing their respective complaints, counsel procured and reviewed various Plan documents, thoroughly researched and analyzed the pertinent ERISA provisions and spoke with Plan participants in order to identify and investigate the claims in this case.  As a result, the complaints filed by Plaintiffs allege in detail the Plan's violations of ERISA and the resulting impact upon the Plan's participants and beneficiaries.

Based on the extensive experience that Plaintiffs' counsel have in bringing and pursuing ERISA claims such as those asserted in this litigation, counsel fully understand the substantial

---

CV-4816 (S.D.N.Y. Nov. 18, 2002), attached to the Declaration of Edward W. Ciolko ("Ciolko Decl.") as Exhibits A and B, respectively.

investment of time and resources necessary to properly pursue and lead an ERISA case of this magnitude, and are committed to making the necessary investment in this case.

### 2. Counsel Have the Requisite Skill and Experience

The most persuasive factor in choosing interim lead class counsel is the experience the proposed counsel has in the relevant area of law. *See, e.g.*, *Nowak v. Ford Motor Co.*, 240 F.R.D. 355, 361 (E.D.Mich. 2006), citing *In re Terzaosin Hydrochloride*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (finding the proposed counsel's "experience in, and knowledge of, the applicable law in this field" the "most persuasive" factor when choosing lead counsel).

ERISA litigation involving the statutes' complex present value calculation and minimum accrual rules is a complex and rapidly developing field, which requires mastery not only of ERISA itself, but also of regulations promulgated by both the Department of Labor and Internal Revenue Service. Moreover, the burgeoning body of case law developing to address these legal issues requires attorneys who are fully informed of new developments as they occur through an active and thriving ERISA practice.

SBTK, Korein Tillery, GLF and Edgar Pauk, Esq. each have extensive experience in class action litigation and in vigorously and effectively prosecuting violations of ERISA. *See, e.g.,* Firm Resumes attached as Exhibits C-F to the Ciolko Decl.

### 3. Counsel Have the Necessary Resources.

SBTK, Korein Tillery, GLF and Edgar Pauk, Esq. are well-established and successful law firms that have the resources and personnel necessary to pursue a case of this magnitude. The combined firms have numerous attorneys, paralegals and other support staff available to assist with the prosecution of this litigation. The firms' resources are not merely financial, but also include substantial expertise and work-product, discussed above, that they have developed in other similar cases that will be an obvious benefit to the Plaintiffs in this action. Counsel's

ability to draw from this well developed bank of information in directing this litigation will allow them to streamline the litigation and create efficiency unavailable to other firms. Thus, the resource factor under Rule 23(g) also favors appointment of Plaintiffs' proposed Interim Co-Lead Class Counsel.

Counsel for Plaintiffs respectfully submit that, based on the above four Rule 23(g) factors, SBTK, Korein Tillery, GLF and Edgar Pauk, Esq. are best able to represent the interests of the putative class because the firms possess unmatched experience and expertise leading the prosecution of this particular type of ERISA class action. Accordingly, counsel for Plaintiffs' request that Plaintiffs' motion for appointment of SBTK, Korein Tillery, GLF and Edgar Pauk, Esq. as Interim Lead Co-Counsel should be granted.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court: (a) consolidate the above-captioned ERISA Actions; (b) appoint Schiffrin Barroway Topaz & Kessler, LLP, Korein Tillery, LLC, Gottesdiener Law Firm, PLLC and Edgar Pauk, Esq. as Interim Co-Lead Class Counsel; and (c) enter Plaintiffs' [Proposed] Pretrial Order No. 1.

Dated: August 20, 2008.

Respectfully submitted,

/s/ Edward W. Ciolko
**SCHIFFRIN BARROWAY TOPAZ & KESSLER, LLP**
Joseph H. Meltzer (admitted *pro hac vice*)
Edward W. Ciolko (admitted *pro hac vice*)
Mark K. Gyandoh (admitted *pro hac vice*)
Joseph A. Weeden (admitted *pro hac vice*)
280 King of Prussia Road
Radnor, PA  19087
Telephone: (610) 667-7706
Facsimile:  (610) 667-7056

**EDGAR PAUK (EP 1039)**
144 East 44th Street, Suite 600
New York, New York 10017
Telephone: (212) 983-4000
Facsimile: (212) 808-9808

*Counsel for Pamela Hosie and Proposed Interim Co-Lead Counsel for the Class*


**KOREIN TILLERY, LLC**
Douglas R. Sprong (admitted *pro hac vice*)
Diane Moore Heitman
505 N. Seventh St., Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844
Facsimile:   (314) 588-7036

*Counsel for Paul Caufield and Proposed Interim Co-Lead Counsel for the Class*

**GOTTESDIENER LAW FIRM, PLLC**
Eli Gottesdiener
498 Seventh St.
Brooklyn, NY 11215
Telephone: (718) 788-1500

*Counsel for Paul Abelman, Valerie R. Nutter, Warren Jemmott, Susan Byrd, Adriana Vasquez and Cora Nelson-Manley and Proposed Interim Co-Lead Counsel for the Class*